UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
ESRAA HEZAIN,

                    Plaintiff,

    -against-                              **COMPLAINT &**
                                                   **JURY TRIAL DEMAND**

EGYPTAIR AIRLINES COMPANY,              Index No.:

                    Defendant.
----------------------------------------------------------x

        The Plaintiff, ESRAA HEZAIN, by her attorneys BOHRER & LUKEMAN, PLLC as and for her complaint against Defendant, EGYPTAIR AIRLINES COMPANY ("EGYPTAIR") alleges the following upon information and belief:

        1.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sec. 1331, insofar as a federal question is presented pursuant to the Convention for the Unification of Certain Rules for International Carriage by Air done at Montreal on May 28, 1999 (the "Montreal Convention").

        2.     Venue is proper in this judicial district pursuant to 28 U.S.C. Sec. 1391, in that Defendant has offices and transacts business within this judicial district, specifically, at 90 Broad Street, Suite 501, New York, New York 10004.

        3.     Plaintiff resides in City, County and State of New York.

        4.     Defendant EGYPTAIR AIRLINES COMPANY (hereinafter "EGYPTAIR") is a foreign corporation authorized to do business in the State of New York.

        5.     EGYPTAIR is certificated by and holds a foreign air carrier permit issued by the United States Department of Transportation.

        6.     Defendant EGYPTAIR was and is a common carrier engaged in the business of transporting passengers for hire by air.

7. Defendant EGYPTAIR, is present and conducts business operations in the State of New York.

8. Defendant EGYPTAIR directly and indirectly sells international air travel tickets to customers located in New York.

9. Further, personal jurisdiction over Defendant EGYPTAIR is appropriate under Fed. R. Civ. P. Rule 4(k)(2) as this matter arises under federal law, that is, the Montreal Convention, a multilateral treaty obligation to which the United States is a signatory, and EGYPTAIR, a foreign corporation with its principal place of business in Egypt, is not subject to jurisdiction in any state courts of general jurisdiction.

10. Exercise of personal jurisdiction under Fed. R. Civ. P. Rule 4(k)(2) as to EGYPTAIR is consistent with due process, in particular, the Fifth Amendment to the United States Constitution, as EGYPTAIR has sufficient minimum contacts with the United States as a whole in that it purposefully avails itself of the American market by each or all of the following:

a. Operates in the United States under the authority of a Foreign Air Carrier Permit (as amended) issued by the United States Department of Transportation;

b. Operates direct regularly scheduled flights on its own aircraft to and from the United States including New York's JFK Airport;

c. Transports thousands of passengers weekly by way of air travel aboard its own aircraft to and from the United States in general and the State of New York in particular;

d. Engages in the direct sales of airline ticket to U.S. citizens and residents in the United States and the State of New York;

e. Employs flight related and administrative individuals in the United States and the State of New York;

    f. Owns and/or leases real property in the United States and in the City and State of New York;

    g. Transacts business daily including but not limited to the purchase of aviation fuel, passenger meals, and other flight related items in the State of New York totaling millions of dollars annually;

    h. Maintains cargo offices in the State of New York which regularly ship and receive freight totaling millions of dollars annually;

11. Plaintiff's tickets for travel, pursuant to the contract of carriage which forms the basis for this cause of action were purchased in the State of New York.

12. Plaintiff's travel herein, pursuant to the contract of carriage which forms the basis for this cause of action originated and concluded in the State of New York.

13. As part of its business as a common carrier of passengers by air, defendant EGYPTAIR operates regularly scheduled flights to and from John F. Kennedy International Airport (JFK) in the City and State of New York.

14. One such flight took place on or about February 18, 2024, wherein Defendant EGYPTAIR operated and controlled a certain aircraft, designated as EGYPTAIR Flight 986 (the "subject aircraft"), on a flight from New York's John F. Kennedy International Airport (JFK) to Cairo International Airport (CAI) (the "subject flight").

15. On or about February 18, 2024, Plaintiff was a ticketed fare-paying passenger lawfully aboard the subject flight.

16. On or about February 18, 2024, the subject flight was conducted on an aircraft owned, leased, operated, staffed, or otherwise controlled by Defendant EGYPTAIR.

17. On or about February 18, 2024, Defendant EGYPTAIR was responsible for the operation,

service, maintenance, inspection, and/or repair of the subject aircraft.

18. As part of its duty to maintain the subject aircraft in good and safe condition, the Defendant was and remains responsible to maintain the seatback tray tables in good working order, so that they remain level, and capable of safely holding the items placed thereon.

19. Notwithstanding, one or more seatback tray tables in the subject aircraft, including that for the use of the Plaintiff was in a state of disrepair, and did not maintain a level position when deployed.

20. Defendant was on notice of said state of disrepair of its main cabin tray tables insofar as is has received numerous prior claims and suits alleging that defective and unlevel seatback tray tables have resulted in passenger injuries.

21. Notwithstanding same, Defendant continued to operate the subject aircraft with defective seatback tray tables, including that tray table made available for the Plaintiff.

22. On or about February 18, 2024, Defendant EGYPTAIR employed both flight and cabin crews aboard the subject flight who were responsible for the safe and secure operation of its flights as well as the safety and well-being of its passengers.

23. Approximately two hours before the subject flight landed at Cairo International Airport, in violation of industry safety practices and norms, Plaintiff was served a scalding beverage in a lidless cup by a member of Defendant's cabin crew.

24. Said scalding beverage was placed on the aforementioned defective tray table.

25. Almost immediately after service of the aforesaid beverage, the subject flight encountered significant turbulence.

26. The subject flight's crew failed to suspend service prior to the turbulence or issue a warning of the impending turbulence or its potential severity.

27. Said turbulence caused passengers' food service items, including the Plaintiff's beverage, to fall from their trays.

28. As a result of the aforesaid encounter with turbulence and the presence of a defective tray table aboard the subject flight, the uncovered cup containing scalding liquid fell from the service tray onto the Plaintiff, causing her to suffer serious thermal burns.

29. The aforesaid encounter with turbulence, which caused the uncovered cup to fall from a defective tray, and the consequent injuries suffered by Plaintiff were caused by an accident pursuant to Article 17 of the Montreal Convention, defined as an unexpected or unusual event or occurrence external to the Plaintiff, and not by Plaintiff's own internal reaction to the normal operation of the aircraft.

30. Plaintiff did not cause said cup and scalding beverage to fall or otherwise cause or contribute to said accident and her injuries.

31. As a result of said accident, Plaintiff was injured.

32. As a result of said accident, Plaintiff was seriously injured.

33. As a result of said accident, Plaintiff was permanently injured.

34. As a result of said accident, Plaintiff suffered great pain, agony and mental anguish, and in the future shall continue to suffer from same.

35. As a result of said accident, Plaintiff suffered economic loss and, in the future, shall continue to suffer from same.

36. As a result of said accident, Plaintiff was forced to expend sums of money on medical treatment and in the future shall continue to expend money on same.

37. As a result of said accident, Plaintiff was deprived of her enjoyment of life, pursuits and interests and in the future shall continue to be deprived of same.

38. As a result of the foregoing, Defendant is liable to pay full, fair, and reasonable damages to Plaintiff pursuant to the Montreal Convention.

39. Defendant cannot meet its burden of proving that its negligence did not cause or contribute to the accident and the resulting injuries to Plaintiff.

40. Defendant cannot meet its burden of proving that the injuries suffered by Plaintiff were caused solely by the acts of third parties.

**WHEREFORE**, Plaintiff ESRAA HEZAIN demands judgment against Defendant EGYPTAIR in an amount to be determined at trial, together with interest, costs and disbursements of this action.

## JURY DEMAND

Plaintiff demands a jury of eight (8) persons for all claims stated.

Dated: October 29, 2024

BOHRER & LUKEMAN, PLLC

_____

Abram I. Bohrer, Esq. (AB4336)
*Attorneys for Plaintiff*
5 Columbus Circle, Suite 1501
New York, New York 10019
Tel. (212) 406-4232