UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ESRAA HEZAIN,

                      Plaintiff,

        -against-

EGYPTAIR AIRLINES COMPANY,

                      Defendant.
------------------------------------------------------------x

Case No.: 1:24-cv-07588-MMH

**ANSWER OF EGYPTAIR AIRLINES COMPANY**

EgyptAir Airlines Company ("EgyptAir"), by and through its attorneys, Clyde & Co US LLP, as and for its Answer to plaintiffs' Complaint & Jury Trial Demand (the "Complaint"), states as follows:

1.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint and leaves all questions of law to be decided by the Court.

2.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint, except admits that EgyptAir transacts business within this judicial district, and leaves all questions of law to be decided by the Court.

3.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint.

4.      Admits the allegations in paragraph 4 of the Complaint.

5.      Admits the allegations in paragraph 5 of the Complaint.

6.      Admits the allegations in paragraph 6 of the Complaint.

7.      Admits the allegations in paragraph 7 of the Complaint.

8.      Admits the allegations in paragraph 8 of the Complaint.

9.      Denies the allegations in paragraph 9 of the Complaint, and leaves all questions of law to be decided by the Court.

10.     Denies the allegations in paragraph 10(a) – (h) of the Complaint, and leaves all questions of law to be decided by the Court.

11.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint.

12.     Admits the allegations in paragraph 12 of the Complaint.

13.     Admits the allegations in paragraph 13 of the Complaint.

14.     Admits the allegations in paragraph 14 of the Complaint.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint, except admits that one Esraa Hezain was listed as a passenger on the subject flight.

16.     Admits the allegations in paragraph 16 of the Complaint.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint, except admits that EgyptAir operated the flight described in the Complaint, and that EgyptAir is subject to certain duties imposed by law.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint, except admits that EgyptAir operated the flight described in the Complaint, and that EgyptAir is subject to certain duties imposed by law.

19.     Denies the allegations in paragraph 19 of the Complaint.

20.     Denies the allegations in paragraph 20 of the Complaint.

21.     Denies the allegations in paragraph 21 of the Complaint.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint, except admits that EgyptAir operated the flight

described in the Complaint and employed the crew members on the aircraft, and that EgyptAir is subject to certain duties imposed by law.

23.    Denies the allegations in paragraph 23 of the Complaint.

24.    Denies the allegations in paragraph 24 of the Complaint.

25.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint.

26.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint.

27.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint.

28.    Denies the allegations in paragraph 28 of the Complaint.

29.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29, except denies that the tray table at plaintiff's seat was defective, and leaves all questions of law to be decided by the Court.

30.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint.

31.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint.

32.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint.

33.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint.

34.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint.

35.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint.

36.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Complaint.

37.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Complaint.

38.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Complaint, and leaves all questions of law for the Court.

39.    Denies the allegations in paragraph 39 of the Complaint.

40.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Complaint.

## AS AND FOR A FIRST
## AFFIRMATIVE DEFENSE

41.    The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND
## AFFIRMATIVE DEFENSE

42.    EgyptAir should be wholly or partly exonerated from liability for the loss or damage described in the Complaint because the alleged loss or damage was caused or contributed to by the negligence or culpable conduct of plaintiff.

## AS AND FOR A THIRD
## AFFIRMATIVE DEFENSE

43.    The alleged damages complained of were not proximately caused by any culpable conduct on the part of EgyptAir.

### AS AND FOR A FOURTH
### AFFIRMATIVE DEFENSE

44.      Plaintiff's damages, if any, were caused and brought about by an intervening and superseding cause and were not caused by EgyptAir or any person or entity for whom EgyptAir is responsible.

### AS AND FOR A FIFTH
### AFFIRMATIVE DEFENSE

45.      Plaintiff failed to mitigate plaintiff's damages, if any, and is therefore barred from recovering any such damages from EgyptAir.

### AS AND FOR A SIXTH
### AFFIRMATIVE DEFENSE

46.      EgyptAir asserts that if it is liable to plaintiff, which liability EgyptAir expressly denies, then EgyptAir is entitled to a set-off for all settlements/benefits and/or collateral sources received by plaintiff.

### AS AND FOR A SEVENTH
### AFFIRMATIVE DEFENSE

47.      Because the transportation out of which the subject matter of this action arose was "international carriage" within the meaning of a treaty of the United States known as the Convention for the Unification of Certain Rules for International Carriage by Air, done at Montreal on 28 May 1999, ICAO Doc. No. 9740 (entered into force November 4, 2003), reprinted in S. Treaty Doc. 106-45, 1999 WL 33292734 (hereinafter "Montreal Convention"), and the rights and liabilities of the parties are governed exclusively by the provisions the Montreal Convention.

## AS AND FOR AN EIGHTH
## AFFIRMATIVE DEFENSE

48.     EgyptAir is not liable for plaintiff's alleged injuries because some or all of plaintiff's injuries were not caused by an "accident" within the meaning of Article 17 of the Montreal Convention.

## AS AND FOR A NINTH
## AFFIRMATIVE DEFENSE

49.     Pursuant to Article 21 of the Montreal Convention, and the conditions of carriage set forth in the relevant contract of carriage, and/or other applicable law, EgyptAir is not liable to plaintiff for the loss or damage described in the Complaint or its liability, if any, is limited to an aggregate sum of provable damages not in excess of 113,100 Special Drawing Rights (SDRs).

## AS AND FOR A TENTH
## AFFIRMATIVE DEFENSE

50.     Pursuant to the Montreal Convention and/or other applicable law, EgyptAir shall be wholly or partly exonerated from liability for the loss or damage described in the Complaint because the alleged loss or damage was caused or contributed to by the negligence or culpable conduct of plaintiff.

## AS AND FOR AN ELEVENTH
## AFFIRMATIVE DEFENSE

51.     The Complaint should be dismissed because the Court lacks personal jurisdiction over EgyptAir with respect to plaintiff's claims.

WHEREFORE, EgyptAir Airlines Company demands judgment dismissing the Complaint in its entirety or, alternatively, judgment limiting its liability pursuant to the foregoing, together with attorneys' fees, costs, disbursements and such other and further relief as this Court deems just and proper.

Dated: New York, New York
      January 6, 2025

CLYDE & CO US LLP

By: _____

Christopher Carlsen
**Clyde & Co US LLP**
495 Lexington Avenue, 16th Floor
New York, New York 10174
Phone: (212) 710-3900
Fax: (221) 710-2950
Email: christopher.carlsen@clydeco.us


Attorneys for Defendant
EgyptAir Airlines Company

7